IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   02-cv-02221-WDM-OES

CARLTON R. JENNINGS,

        Plaintiff,

v.

MICHAEL D. BOYD, et al.,

        Defendants.

_____

**ORDER ON MOTION TO DISMISS**
_____

        This matter remains before me on the defendants' Motion to Dismiss for Lack of

Personal Jurisdiction filed on May 20, 2003.  By my September 25, 2003 order, I

determined that the defendants' contacts with Colorado were insufficient to impose

general jurisdiction.  I also decided that the defendants' mail, e-mail and telephone

contacts with Colorado were insufficient for specific jurisdiction because they occurred

only as a result of the plaintiff's unilateral actions.  *See* September 25, 2003 order, note

4.  However, the singular issue of whether the parties entered into a contract,

containing a choice of Colorado law provision, remained since plaintiff argued that such

a provision constituted a deliberate affiliation with Colorado as the forum state, making

possible litigation foreseeable here.  *See Plus System, Inc. v. New England Network,*

*Inc.,* 804 F.Supp. 111, 118 (D.Colo. 1992).  The parties' briefs and affidavits were in

conflict whether a contract existed, and a hearing was necessary.

Evidentiary hearings were held on December 12, 2003 and January 9, 2004.  In addition to oral testimony, exhibits 1-7 and C, D, H, J, K, M, N, and R were admitted. Following review of the evidence, including a real time transcript given the passage of time, I make the following findings and conclusions.

Plaintiff claims that he entered into a contract with a Colorado choice of law provision as reflected in Exhibit 3.  Indeed, he asserts that he signed the contract following negotiations between himself and defendant Boyd, who made only minor changes.  There is no evidence that defendant Boyd or anyone on behalf of defendant Bareena Holdings, Ltd. (Bareena) signed the agreement, nor was a copy of Exhibit 3 signed by plaintiff submitted in evidence.

It is basic contract law that to form a contract there must be an offer and acceptance supported by consideration.  *See C.J.I. 4th-Civil*, § 30:2.  In determining whether there is a contract I may consider not only the statements and writings of the parties but also their conduct.  *Id.*  From the evidence presented, one can conclude that Exhibit 3, as well as Exhibits 1 and 2 were offers.  Defendants, however, deny there was ever any acceptance, and there is no document that indicates acceptance by any defendant.  Turning to other evidence submitted, I also find that the parties' conduct after the presentation of Exhibit 3 is not consistent with an intent to be bound by its terms.  For example, the contract provides for a monthly salary of $30,000 and a bonus of 3%.  Plaintiff was paid less and has never received a 3% bonus.  The contract also provided for the plaintiff to acquire 10% ownership interest but he received only 6%, essentially the same as other independent contractor consultants.  Plaintiff was to be made a director in Iridium Holdings, LLC., but was not.  And pertinent to the issue of

whether Exhibit 3 represented a contract, paragraph 7 contemplated a more detailed employment agreement that was never prepared.

As always, how the parties conduct themselves, particularly before any dispute arises, provides good indication of what the parties intended. *See C.J.I. 4th-Civil* § 30:12. As indicated, the parties' conduct is inconsistent with an intent to form a contract containing the terms set forth in Exhibit 3, including the choice of law provision.

As presented, the single remaining issue of this case at the time of the evidentiary hearing may be resolved by the burden of proof. When a court has a pretrial hearing on the factual issues of jurisdiction, "the plaintiff has the burden to prove facts supporting jurisdiction by a preponderance of the evidence." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). The plaintiff has failed to meet his burden of proof.

Accordingly, it is my conclusion that the plaintiff has not shown the "minimum contacts" necessary to assert specific jurisdiction over the defendants. Defendants' limited contact with this forum resulted solely from plaintiff's unilateral activity. The evidence is insufficient to establish that defendants purposely directed their activities toward the forum so as to impose a reasonable expectation of being subject to Colorado jurisdiction. *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.2d 1086, 1090-91 (10th Cir. 1998); *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075-1076 (10th Cir. 2004).

Accordingly, it is ordered:

1.  Defendants' motion to dismiss (Docket No. 18) is granted for lack of jurisdiction over defendants, and this case is dismissed without prejudice.

2.  Defendants may have their costs.

DATED at Denver, Colorado, on September 15, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge

PDF FINAL